UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PEACHES WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  CAUSE NO: 1:21-cv-2052 |
| FRESENIUS MEDICAL CARE INDIANA, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1. Plaintiff, Peaches Williams ("Williams" or "Plaintiff"), by counsel, brings this action against Defendant, Fresenius Medical Care Indiana, LLC ("Defendant" or "Fresenius"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.,* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq.*

**II.  PARTIES**

2. Williams is a resident of Marion County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a foreign company that maintains offices and conducts business in the Southern District of Indiana.

**III.  JURISDICTION AND VENUE**

1

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and 42 U.S.C. § 2000e(b).

6. At all times relevant to this action, Williams was an "employee" as that term is defined by 42 U.S.C. §12111(4), and 42 U.S.C. § 2000e(f)

7. Williams is associated with a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Williams' association with a qualified individual with a disability.

8. Williams exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging discrimination based on her race, sex, and her association with an individual with a disability. Williams files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV. **FACTUAL ALLEGATIONS**

10. Williams was hired by Defendant on or about November 4, 2019. Williams is a Registered Nurse ("RN"), who frequently served as the Charge Nurse.

11. At all relevant times, Williams met or exceeded Defendant's legitimate performance expectations. As recently as February 14, 2021, Williams was promoted to Acute Dialysis.

12. On or about April 13, 2021, Williams expressed concern to Yvette Dupree, her manager, regarding unsafe practices at Defendant's facilities. For example, Patient Care Technicians ("PCT") employed by Defendant were caring for unstable patients and performing other inappropriately delegated tasks. Dupree told Williams to speak with Aaron Cox, Defendant's Director of Operations. Williams reported the same issues to Cox and explained that she did not feel comfortable acting as Charge Nurse given the unsafe practices.

13. Williams has a special needs child who attends occupational therapy twice a week. On March 17, 2021, Williams requested a schedule alteration so that she could care for her child and attend her child's therapy appointments. However, on or about April 18, 2021, following William's conversation with Dupree and Cox, Defendant threatened to revoke the schedule that allowed her to care for her child. At no time did Defendant offer or provide notice to Williams of her rights and entitlements under the FMLA.

14. On or about April 23, 2021, Williams was suspended after a co-worker reported that Williams had threatened to harm them. The report was false, and, in fact, the coworker had yelled at and threatened Williams. This coworker was not disciplined.

15. Similarly situated Caucasian males also complained of unsafe practices at the facility. When Dan and Oliver complained of unsafe practices and raised concerns, they were allowed to decline an assignment, or the issues were addressed. By comparison, when Williams

raised similar concerns, they were disregarded. Dan and Oliver are Caucasian males, who are not associated with an individual with a disability.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

16. Williams hereby incorporates by reference paragraphs one (1) through fifteen (15) of her complaint.

17. Defendant discriminated against Williams based on her race.

18. Defendant's actions were intentional, willful and in reckless disregard of Williams's rights as protected by Title VII of the Civil Rights Act of 1964.

19. Williams has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: SEX DISCRIMINATION

20. Williams hereby incorporates by reference paragraphs one (1) through nineteen (19) of her complaint.

21. Defendant discriminated against Williams based on her sex.

22. Defendant's actions were intentional, willful and in reckless disregard of Williams's rights as protected by Title VII of the Civil Rights Act of 1964.

23. Williams has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT III: ADA DISCRIMINATION

24. Williams hereby incorporates by reference paragraphs one (1) through twenty-three (23) of her complaint.

25. Defendant discriminated against Williams in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq* based on her association with a qualified individual with a disability under the ADA.

26. Defendant's actions were intentional, willful and in reckless disregard of Williams's rights as protected by the ADA.

27. Williams has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Peaches Williams, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Williams's employment to the position and salary she would have enjoyed but for Defendant's unlawful actions; and/or payment to Williams of front pay in lieu thereof;

2. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory and consequential damages in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's unlawful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her costs and attorney's fees incurred as a result of bringing this action;

7. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

8. Grant all other legal and/or equitable relief as may be just and proper.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Peaches Williams*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Peaches Williams, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Peaches Williams*